UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SOLANO, <br><br> Petitioner, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA <br><br> Respondent. | NO. CV 16-9260-RGK (AGR) <br><br> OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

      On December 15, 2016, Petitioner, a state inmate, filed a Petition for Writ of Mandamus/Prohibition, which the Court construes as seeking habeas relief pursuant to 28 U.S.C. § 2254.  Petitioner challenges his continued imprisonment for a 1997 robbery conviction, contending that the enhancement of his sentence, which he states was based on prior convictions in 1988 and 1990, violates the plea bargains that led to those prior convictions.  Because he previously challenged the same underlying state-court judgment here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization for another such challenge, the Court lacks jurisdiction over the new petition.

## I.

## **PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District, as well as the records of the state trial and appellate courts and the United States Supreme Court.

In 1997, after a jury trial, Petitioner was convicted of robbery in Los Angeles County Superior Court case number BA139805. He was sentenced to 35 years to life in prison. He did not appeal.

On July 30, 2012, petitioner filed a Petition for Writ of Habeas Corpus in this Court in case number CV 12-6510-RGK (AGR) (*Solano I*). Petitioner challenged the same 1997 state court judgment. On January 10, 2014, the Court accepted the Magistrate Judge's Report And Recommendation and denied the habeas petition with prejudice as untimely and denied a certificate of appealability. (Dkt. Nos. 43, 52, 53, 54 in *Solano I*.) Petitioner filed a Notice of Appeal, but the Ninth Circuit denied a certificate of appealability in its case number 14-55194. (Dkt. Nos. 55, 61 in *Solano I*.) The United States Supreme Court denied his petition for certiorari on December 5, 2016 in case number 16-6292.

On December 15, 2016, Petitioner filed the current Petition. Petitioner challenges the same 1997 judgment, specifically asserting that the enhancement of his current sentence violates the plea bargains that led to his 1988 and 1990 convictions.

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Solano I*. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."), *followed by Brandon v. Los Angeles County Sup. Ct.*, No. 15-2187-CAS, 2015 WL 1541567, *3 (C.D. Cal. April 2, 2015) (same).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: January 3, 2017

*[signature: Gary Klausner]*

R. GARY KLAUSNER
United States District Judge